_____

No. 95-2942WM
_____

United States of America,        *
                                 *
            Appellee,            *    Appeal from the United States
                                 *    District Court for the Western
      v.                         *    District of Missouri.
                                 *
Marc A. Beachem,                 *    [UNPUBLISHED]
                                 *
            Appellant.           *
_____

                    Submitted:  September 13, 1996

                      Filed:  September 19, 1996
_____

Before FAGG, LAY, and MURPHY, Circuit Judges.
_____


PER CURIAM.


        After drug enforcement agents observed Marc A. Beachem receiving a
sack of powdered cocaine and cocaine base from a drug courier named Michael
Leroy, Beachem pleaded guilty to attempting to possess cocaine with intent
to distribute, see 21 U.S.C. §§ 841(a)(1), 846 (1994).  Beachem appeals the
ninety-seven month sentence imposed by the district court.  First, Beachem
contends the district court erroneously held him accountable for the 43.4
grams of cocaine base Leroy delivered to him.  Beachem argues he did not
know and could not reasonably foresee that the sack he received from Leroy
contained cocaine base, because Leroy had never brought Beachem any cocaine
base during earlier drug deliveries.  See U.S.S.G. § 1B1.3(a)(1)(B) (1994).
We conclude the district court did not commit clear error in finding the
delivery of cocaine base was reasonably foreseeable, because the district
court heard evidence that Leroy and Beachem's regular supplier cooked
cocaine into cocaine base, Beachem communicated with the supplier before

each delivery, Beachem knew the types and amounts of drugs Leroy was bringing during past deliveries, and Beachem once sold cocaine base to an undercover informant.  See <u>United States v. Flores</u>, 73 F.3d 826, 833 (8th Cir.), <u>cert. denied</u>, 116 S. Ct. 2568 (1996).  We also reject Beachem's contention that the district court committed clear error in calculating the amounts of powder cocaine and marijuana attributable to Beachem based on his relevant conduct.  See <u>United States v. Lawrence</u>, 915 F.2d 402, 406 (8th Cir. 1990).  The district court's calculations are supported by statements Leroy made to drug enforcement agents about earlier drug deliveries, and the district court's determination that Leroy was credible is virtually unreviewable on appeal.  <u>United States v. Adipietro</u>, 983 F.2d 1468, 1472 (8th Cir. 1993).  We thus affirm Beachem's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.